UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-356-KKC

HELEN RUFFING and MICHAEL RUFFING, PLAINTIFFS,

v. **OPINION AND ORDER**

SECRETARY, KENTUCKY CABINET FOR
HEALTH AND FAMILY SERVICES, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Remand [DE 3] filed by the Plaintiffs. This represents the second time the Defendant has sought to remove this action from state court to federal court. For the following reasons, the motion to remand will be denied.

I. **FACTS.**

A. **Background.**

The Plaintiffs are the great aunt and great uncle of twin girls. The Kentucky Cabinet for Health and Family Services (the "Cabinet") removed the girls from their parents' home and the Plaintiffs were awarded permanent custody of the twins by the Wayne County Family Court on October 3, 2007. The Plaintiffs assert that they have filed a petition in the Fayette Circuit Court to adopt the twins. The Plaintiffs' dispute with the Cabinet revolves around the Cabinet's denial of the Plaintiffs' request for adoption subsidies available for those who adopt children with "special needs."

B. **State and Federal Adoption Subsidy Programs.**

In Kentucky, prospective adoptive parents of children with "special needs" are eligible for either state-funded or federally-funded adoption subsidies.

The federal program was established by the Adoption Assistance and Child Welfare Act of 1980 (the "Adoption Act"). 42 U.S.C. §§ 670-76. To participate in the program, states must submit a plan to

the Secretary of Health and Human Services for approval by the Secretary. 42 U.S.C. §§ 670, 671. The Act is administered in Kentucky by the Cabinet pursuant to 42 U.S.C. § 673 and KRS § 199.557. The federal statute defines whether a child meets the requirements to receive the adoption assistance payments. 42 U.S.C. § 673(a)(2)(A), (C). The Defendant, the Cabinet Secretary (the Secretary"), submits the affidavit of Mike Grimes, the Adoption Services Branch Manager for the Cabinet. Grimes states that eligibility for adoption assistance under the Adoption Act depends upon the parent's income and the parent's eligibility for Aid to Family with Dependant Children ("AFDC") based on the July 16, 1996 AFDC eligibility guidelines.

Kentucky also offers state-funded adoption assistance payments for the adoptive parents of children with "special needs." KRS § 199.555. The Secretary refers to this program as "SNAP." The state statute sets forth the requirements for receiving the monthly assistance payments under SNAP. KRS § 199.555(5). Grimes states that, in order for adoptive parents to receive state-funded adoption assistance: 1) the children must be committed to the Cabinet's custody; 2) the children must be placed for adoption by the Cabinet; and 3) the Cabinet must have authority to consent to the adoption of the children.

Kentucky also offers Kinship Care benefits for children who have been abused or neglected and are placed with a relative. Kinship care is established by KRS § 605.120(5), which provides that "[t]o the extent funds are available, the cabinet may establish a program for kinship care that provides a more permanent placement with a qualified relative for a child that would otherwise be placed in foster care due to abuse, neglect, or death of both parents." The Kinship Care benefits program is also federally funded. 42 U.S.C. §§ 601-619.

The Plaintiffs received Kinship Care benefits. However, the Cabinet denied their application for federal and state adoption assistance benefits. As to the denial of federal benefits, the Secretary

submits the affidavit of Wendy Latham, a children's benefit worker for the Cabinet who determined the eligibility of the twins for the Adoption Act payments. Latham explains that she made that determination based upon information supplied by the twins' biological mother. She states that, under the federal guidelines, the children were eligible for the benefits only if their mother's income was $526 per month or less. She further states that she determined that the mother's monthly income exceeded that amount.

As to the denial of state adoption assistance benefits, the Secretary submits Grimes' affidavit who states that the twins did not meet any of the requirements for state assistance under the state-funded program. This is because the children are not in the Cabinet's custody; the Cabinet has never placed the twins for adoption; and the Cabinet has no authority to consent to the adoption of the children because the biological parents retain their parental rights.

**C.    Claims Asserted.**

After the Cabinet denied their application for adoption assistance benefits, the Plaintiffs filed an action in Fayette Circuit Court. The Plaintiffs styled their initial pleading as a "petition," referred to their action as an "appeal" of the Cabinet's denial of benefits, and asserted that it was filed pursuant to KRS § 13B.140. That statute provides, in part, as follows:

> All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service.

In their state court action as initially filed, the Plaintiffs appealed the Cabinet's decision to deny them adoption assistance benefits. (DE 1, State Court Petition ¶¶ 2A, 4).

The Plaintiffs also asserted three additional claims against the Secretary. First, the Plaintiffs asserted that the Cabinet did not inform the Plaintiffs that they were eligible to receive federal adoption

3

assistance benefits as it was required to do under federal law. (DE 1, State Court Petition ¶ 12).

Second, the Plaintiffs asserted that the Cabinet violated their due process rights under the United States Constitution because the Cabinet arbitrarily denied their request for adoption subsidy benefits without granting them an opportunity to be heard. (DE 1, State Court Petition ¶ 16).

Third, the Plaintiffs asserted that the Cabinet has denied them their constitutional right to equal protection of the laws. (DE 1, State Court Petition ¶ 15).

As for the relief the Plaintiffs seek, in their state-court petition, they ask the state court to order the Cabinet "to treat the Plaintiffs as eligible for adoption assistance benefits retroactive to the date that the adoption could have been finalized." (DE 1, State Court Petition, Prayer for Relief).

The Secretary initially removed the action to this Court on March 27, 2009 in a case styled *Helen Ruffing and Michael Ruffing v. Janie Miller*, No. 5:09-cv-104 (E.D. Ky. 2009) asserting that this Court had federal question jurisdiction under 28 U.S.C. § 1331, noting that the Plaintiffs asserted that the Cabinet had violated the Adoption Act and that the Plaintiffs also asserted federal constitutional due process and equal protection claims.

In an opinion in that matter dated April 12, 2010, this Court dismissed the Plaintiffs' due process and equal protection claims and the Plaintiffs' claim that the Cabinet violated the Adoption Act, 42 U.S.C. §§ 670-76. Having dismissed all of the Plaintiffs' federal claims, the Court remanded this matter to the Fayette Circuit Court for resolution of the state law claims.

On December 12, 2010, the Cabinet again removed the action to this Court, asserting that, after remand, the Plaintiffs amended their petition in state court to include a claim under 42 U.S.C. § 1983 that the Cabinet violated their right to equal protection of the laws under the Kentucky and federal Constitution. The Cabinet again asserts that this Court has jurisdiction over this matter under 28 U.S.C. § 1331 which grants federal district courts jurisdiction over all civil actions arising under the federal

Constitution or statutes.

## II. ANALYSIS.

In their motion to remand, the Plaintiffs do not dispute that they amended their complaint in state court to assert a claim under 42 U.S.C. § 1983. Nor do they dispute that this the Court has federal question jurisdiction over such a claim pursuant to 42 U.S.C. § 1331. Nonetheless, Plaintiffs argue that this matter should be remanded to state court. Plaintiffs rely on a provision in the removal statutes that they argue permits this Court to remand this entire matter – including the federal claims – to state court because state law issues predominate in this matter.

That provision is found at 28 U.S.C. § 1441(c) and reads:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, *the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates*.

28 U.S.C. § 1441(c)(emphasis added).

The Plaintiffs assert that state law predominates in this matter and that, pursuant to 28 U.S.C. § 1441(c), this Court should remand the entire matter to state court, including the federal claims. The Defendant argues that the statute cannot grant this Court discretion to remand properly removed federal claims.

The Sixth Circuit has not addressed this issue. However, other federal appellate courts have determined that a district court has no discretion to remand a federal question claim. *See Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1005 (5th Cir. 2008); *Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542 (8th Cir.1996); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir.1995); *Brockman v. Merabank*, 40 F.3d 1013, 1017 (9th Cir.1994).

This Court agrees with the analysis contained in *Springdale Venture, LLC v. US WorldMeds,*

*LLC*, 620 F.Supp.2d 810 (W.D. Ky. 2009) and *Majeske v. Bay City Bd. of Ed.*, 177 F.Supp.2d 666 (E.D.Mich.2001). In those cases, the courts noted a federal court's "virtually unflagging obligation to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants, " *Majeske*, 177 F.Supp.2d at 673 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *Springdale*, 620 F.Supp.2d at 813..

The courts then concluded that Section 1441(c) should be read to authorize remand of "otherwise non-removable claims," but that the statute should not be read to permit remanding an entire case including the claims arising under federal law. *Id.*; *Majeske*, 177 F.Supp. 2d at 673 . *See also*, 28 U.S.C. § 1367(2)(authorizing district courts to decline to exercise supplemental jurisdiction over state-law *claims* if they "substantially predominate[ ] over the claim or claims over which the district court has original jurisdiction, ...").

This Court has jurisdiction over the Plaintiffs' claims that arise under federal law. The Plaintiffs have moved to remand this entire case, including their federal claims, to state court. That motion must be denied.

Accordingly, the Court hereby ORDERS that Plaintiffs' motion to remand [DE 3] is DENIED.

Dated this 22nd day of March, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge