Eastern District of Kentucky
FILED
JUL 13 2011
AT LEXINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:10-356-KKC

HELEN RUFFING and MICHAEL RUFFING, PLAINTIFFS,

v. **OPINION AND ORDER**

SECRETARY, KENTUCKY CABINET FOR
HEALTH AND FAMILY SERVICES, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Judgment on the Pleadings or Alternatively for Summary Judgment filed by the Defendant, the Secretary of the Kentucky Cabinet for Health and Family Services (the "Secretary") [DE 6].

I. **FACTS.**

A. **Background.**

The Plaintiffs are the great aunt and great uncle of twin girls. On July 19, 2007, the Wayne Circuit Court awarded the Kentucky Cabinet for Health and Family Services (the "Cabinet") custody of the children after the Cabinet visited their home. [Case No. 5:09-cv-104-KKC, DE 15 at 1]. The Cabinet placed the children in third-party foster care that same day. [Case 5:09-cv-104-KKC, DE 15 at 1].

The Cabinet then contacted the Plaintiffs who received physical custody of the children on July 24, 2007 and temporary legal custody on the same date. The children have lived with the Plaintiffs since that date. [Case No. 5:09-cv-104-KKC, DE 15 at 2]. The Wayne Circuit Court awarded the Plaintiffs permanent custody of the twins on October 3, 2007. At that time, the girls

were two years old. [Case. No. 5:09-cv-104-KKC, DE 12 at 9]. It appears that, to this date, there has been no action to terminate the parental rights of the birth parents. [Case. No. 5:09-cv-104-KKC, DE 12 at 9]. The Plaintiffs assert that, on April 22, 2008, they filed a petition in the Fayette Circuit Court to adopt the twins but that the adoption has not been finalized.

The Plaintiffs' dispute with the Cabinet revolves around the Cabinet's denial of the Plaintiffs' request for adoption subsidies available for those who adopt children with "special needs." The Cabinet instead awarded the Plaintiffs benefits under a state adoption subsidy program called the Kinship Care program. The Plaintiffs assert the benefits available under the Kinship Care program are substantially less than those available under programs designed to encourage the adoption of children with "special needs."

### B.   "Special Needs" and Kinship Care Benefits.

The Adoption Assistance and Child Welfare Act of 1980 (the "Adoption Act"), 42 U.S.C. §§ 670 - 79, also known as Title IV-E of the federal Social Security Act, provides federal funding to states to promote the adoption of children with special needs who are in foster care. *ASW v. Oregon*, 424 F.3d 970, 972 (9th Cir. 2005). With the act, Congress was "concerned primarily with moving children in State foster care systems into permanent adoptive homes when appropriate. The title IV-E adoption assistance program, therefore, was developed to provide permanency for children with special needs in public foster care by assisting States in providing ongoing financial and medical assistance on their behalf to the families who adopt them." *In re Adoption of Jamison Nicholas C*, 639 S.E. 2d 821, 825 (W.Va. 2006) (quoting Policy Interpretation Question, Log No. ACYF-CB-PA-01-01, U.S. Department of Health and Human Services, Children's Bureau, Issued January 23, 2001).

2

To participate in the program, states must submit a plan to the Secretary of Health and Human Services for approval by the Secretary. 42 U.S.C. §§ 670, 671. The Adoption Act is administered in Kentucky by the Cabinet pursuant to KRS § 199.557. The federal statute defines whether a child meets the requirements to receive the adoption assistance payments. 42 U.S.C. § 673(a)(2)(A), (C).

In a companion case to this one, the Secretary submitted the affidavit of Mike Grimes, the Adoption Services Branch Manager for the Cabinet, who states that eligibility for adoption assistance under the Adoption Act depends upon the parent's income and the parent's eligibility for Aid to Family with Dependant Children ("AFDC"). [Case No. 9-104, DE 12, Ex. 5, Grimes Aff.].

Kentucky also offers state-funded adoption assistance payments for the adoptive parents of children with "special needs." KRS § 199.555. The Secretary refers to this program as "SNAP." According to the Secretary, SNAP was designed to encourage private individuals to adopt children in state custody where the birth parents' parental rights have been terminated. [Case No. 9-104, DE 12 at 4.]. Grimes states that, in order for adoptive parents to receive state-funded adoption assistance: 1) the children must be committed to the Cabinet's custody; 2) the children must be placed for adoption by the Cabinet; and 3) the Cabinet must have authority to consent to the adoption of the children. [Case No. 9-104, DE 12, Ex. 5, Grimes Aff.].

Finally, Kentucky offers Kinship Care benefits for children who have been abused or neglected and can be placed with a relative as opposed to placed in foster care. [Case No. 5:09-cv-104, DE 12 at 6].

C.  **Benefits Awarded to the Plaintiffs.**

On August 8, 2007, Wendy Latham, a children's benefits worker for the Cabinet, determined

3

that the children did not meet the requirements for federal adoption assistance benefits for children with special needs. [Case 5:09-cv-104-KKC, DE 12 at 7, Latham Aff.]. The Cabinet asserts that Latham made this determination based upon information obtained from the children's biological mother before they were removed from her care. [Case 5:09-cv-104-KKC, DE 12 at 7].

According to Latham's affidavit, under the federal guidelines, the children were eligible for the benefits only if their mother's income was $526 per month or less. Latham states that she determined the mother's monthly income exceeded that amount.

Grimes states in his affidavit that the twins did not meet any of the requirements for state assistance under SNAP either. [Case 5:09-cv-104-KKC, DE 12 at 7, Grimes Aff.]. This is because the Cabinet did not have custody of the children at the time of the application, never placed the twins for adoption, and has no authority to consent to the adoption of the children because the biological parents retain their parental rights.

The Plaintiffs assert that, on August 14, 2007, they signed a Kinship Care Agreement with the Cabinet by which they were awarded Kinship Care benefits. [Case 5:09-cv-104-KKC, DE 15 at 2]. They further assert that they receive Medicaid benefits for the children. [Case 5:09-cv-104-KKC, DE 15 at 2].

After the Cabinet's decision denying the Plaintiffs federal and state special-needs adoption benefits, on November 20, 2008, the Plaintiffs filed a service appeal to the Cabinet's Quality Assurance Section and requested an administrative hearing. [Case No. 5:09-cv-104, DE 1 State Court Record]. The Quality Assurance Section responded by letter dated December 8, 2008 that Kentucky's administrative regulations limits the service appeal process to individuals with issues that are eligible for an administrative hearing and that the Plaintiffs' issues were not eligible for a

hearing. The Plaintiffs appealed that decision to the Service Region Administrator, who denied the appeal by letter dated January 22, 2008. However, it is clear from the chronology of the letters that the letter should have been dated January 22, 2009.

### D. Claims Asserted in Initial Complaint.

On February 26, 2009, the Plaintiffs appealed the Cabinet's decision by filing an action in Fayette Circuit Court pursuant to KRS § 13B.140. That statute provides, in part, as follows:

> All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service.

KRS § 13B.140(1).

In a prior opinion [Case No. 5:09-cv-104 DE 26], this Court determined that the Plaintiffs also asserted three additional claims against the Secretary. The Court construed the Complaint to assert: 1) that the Cabinet did not inform the Plaintiffs that they were eligible to receive federal adoption assistance benefits as it was required to do under federal law [Case No. 5:09-cv-104 DE 1, State Court Petition ¶¶ 8, 12]; 2) that the Cabinet violated the Plaintiffs' constitutional right to due process because the Cabinet arbitrarily denied their request for adoption subsidy benefits without providing them an opportunity to be heard [Case No. 5:09-cv-104, DE 1, State Court Petition ¶ 16]; and 3) that the Cabinet denied them their constitutional right to equal protection of the laws. [Case No. 5:09-cv-104, DE 1, State Court Petition ¶ 15].

### E. Initial Removal, Dismissal of Federal Claims, and Remand.

The Secretary initially removed the Fayette Circuit Court action to this Court on March 27, 2009 in a case styled *Helen Ruffing and Michael Ruffing v. Janie Miller*, No. 5:09-cv-104 (E.D. Ky.

2009). The Secretary asserted that this Court had federal question jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs asserted that the Cabinet had violated the Adoption Act and the Plaintiffs' constitutional right to due process and equal protection.

In an opinion in that matter dated April 12, 2010, this Court dismissed the Plaintiffs' due process and equal protection claims and the Plaintiffs' claim that the Cabinet violated the Adoption Act. [Case No. 5:09-cv-104, DE 26]. As to the federal constitutional claims, the Court dismissed those on the basis that the Plaintiffs did not assert them under 42 U.S.C. § 1983 and had not sought to amend their petition to assert the claims under Section 1983. Having dismissed all of the Plaintiffs' federal claims, the Court remanded this matter to the Fayette Circuit Court for resolution of the state law claims.

### F. Second Removal and Motion to Remand.

On October 12, 2010, the Cabinet again removed the action to this Court, asserting that, after remand, the Plaintiffs amended their petition in state court to include a claim under 42 U.S.C. § 1983 that the Cabinet violated their federal constitutional right to equal protection of the laws. The Cabinet asserted that this Court had jurisdiction over this matter under 28 U.S.C. § 1331. The Plaintiffs again moved to remand the entire case, including their federal claim, to state court. The Court denied that motion on the basis that it could not remand the federal claim and the Plaintiffs did not ask for a remand of only the state claims. The Secretary now moves for judgment in her favor on each of the Plaintiffs' claims.

### II. Analysis.

As an initial matter, it is unclear whether the Plaintiffs actually seek to assert any federal claims at all in their state court petitions. In their response to the Secretary's Motion for Summary

Judgment, the Plaintiffs appear to deny that they assert any federal claims. They affirmatively assert that this action "was not brought as a § 1983 action." [Case No. 5:10-cv-356, DE 8 at 1]. They state that this action instead:

> primarily challenges a) the state agency's incorrect interpretation of a *state* statute, KRS 199.555, respecting the conditions under which a Special Needs Adoption subsidy should be paid; b) the [state] agency's violation of the *state* constitutional guaranty of equal protection . . . c) [the state agency's] violation of its *state* statutory counseling responsibility in failing to accurately advise the Plaintiffs respecting the alternative avenues for protecting the interests of the children . . . and d) [the state agency's] violation of the *state* constitutional protection of due process. . . .

[Case No. 5:10-cv-356, DE 8 at 2 (emphasis added)].

The Plaintiffs further assert that "the essence of Plaintiffs' case is an administrative appeal, as provided for by Kentucky Statute (KRS § 13B.140); this is not properly classified as a civil rights action." [Case No. 5:10-cv-356, DE 8]. Further, their response to the Secretary's motion for summary judgment focuses on why the Cabinet's determination that the Plaintiffs were not entitled to federal adoption subsidies is wrong. In other words, the focus of their response is on why they should win their appeal of the Cabinet's decision, not on any federal claims.

This indicates that the Plaintiffs are asserting only state actions and that they do not assert any claims under the Adoption Act or 42 U.S.C. § 1983. If this is the case, this Court would have no subject matter jurisdiction over this matter and would be required to remand it back to state court. Thus, the Court will review the docket in this case and the companion case to determine what, if any, federal claims are asserted.

### A. Federal Equal Protection Claim.

In their amended state court petition, the Plaintiffs assert the following:

Petitioners have been denied equal treatment of the laws in violation of Section 3 of

the Kentucky Constitution and the 14th Amendment of the U.S. constitution because a family adopting similarly situated children from state foster care would receive the federal subsidy....Therefore, pursuant to the authority of this Court pursuant to KRS 344.00 *et seq.* and 42 U.S.C.A. §§ 1983 and 1988, Petitioners are entitled to injunctive and declaratory relief. ...

[Case No. 5:10-cv-356, DE 1, Ex. 3, Second Amended Petition ¶ 15]. The Secretary moves for judgment in her favor on this claim, reasonably construing it as a claim that the Cabinet violated the Plaintiffs' federal constitutional right to equal protection of the laws.

However, in response to the Cabinet's motion for summary judgment, the Plaintiffs never mention a federal equal protection claim. Further, again, they affirmatively state that this action "was not brought as a § 1983 action" and that their equal protection claim is pursued under the "*state* constitutional guaranty of equal protection. . . . . " [Case No. 5:10-cv-356, DE 8 at 2]. Thus, to the extent that the Plaintiffs did seek with their Second Amended Petition to assert a federal equal protection claim under 42 U.S.C. § 1983, they have abandoned that claim and it will be dismissed.

**B.     Federal Due Process Claim.**

While they never mention an equal protection claim in their response to the Secretary's Motion for Summary Judgment, the Plaintiffs do argue that the Cabinet failed to provide them due process of law. [Case No. 5:10-cv-356, DE 8 at 11-12].

However, the Plaintiffs' amended petition cannot be read to assert a federal due process claim under 42 U.S.C. § 1983. As explained above, the Court has previously dismissed the Plaintiffs' direct constitutional claims. Further, in their response to the Secretary's Motion for Summary Judgment, the Plaintiffs explicitly state that their due process claim is a claim that the Cabinet violated "the *state* constitutional protection of due process. . . . " [Case No. 5:10-cv-356, DE 8 at 2]. Accordingly, to the extent the Plaintiffs assert a federal due process claim, it will remain

8

dismissed for the reasons stated in this Court's opinion and order entered on April 12, 2010, in Case No. 5:09-cv-104.

### C. Adoption Act Claim.

That leaves one possible federal claim, a claim that the Secretary violated the Adoption Act. In its prior opinions, this Court construed the Plaintiffs' petition to assert a claim that the Cabinet violated the Adoption Act by failing to inform the Plaintiffs that they were eligible to receive federal adoption assistance benefits. In their state court petition, the Plaintiffs assert that the Cabinet failed to inform them of any adoption benefits other than Kinship Care benefits and that the Cabinet "had a duty to inform Petitioners of the availability of the adoption subsidy pursuant to federal law, but failed to do so." [Case No. 5:09-104, DE 1, State Court Petition, ¶¶ 8, 12].

The Court dismissed this claim because, even assuming that the Cabinet violated federal law by failing to inform the Plaintiffs of the adoption subsidy benefits, the Court could not grant the Plaintiffs the relief they sought on the claim, which this Court understood to be past and future adoption subsidies.

The Court explained that it is barred by the Eleventh Amendment from ordering the Cabinet to pay the Plaintiffs money damages. Instead, the Court can only order prospective injunctive relief aimed at ending a continuing violation of federal law. Because, for this particular claim, the Plaintiffs did not allege a continuing violation of federal law, but instead only alleged that the Cabinet failed in the past to inform them of federal adoption assistance benefits, prospective injunctive relief was not appropriate.

But now, having again reviewed the docket in this case and the companion case, the Court finds that the Plaintiffs never asserted a claim for damages under the Adoption Act for the Cabinet's

dismissed for the reasons stated in this Court's opinion and order entered on April 12, 2010, in Case No. 5:09-cv-104.

### C. Adoption Act Claim.

That leaves one possible federal claim, a claim that the Secretary violated the Adoption Act. In its prior opinions, this Court construed the Plaintiffs' petition to assert a claim that the Cabinet violated the Adoption Act by failing to inform the Plaintiffs that they were eligible to receive federal adoption assistance benefits. In their state court petition, the Plaintiffs assert that the Cabinet failed to inform them of any adoption benefits other than Kinship Care benefits and that the Cabinet "had a duty to inform Petitioners of the availability of the adoption subsidy pursuant to federal law, but failed to do so." [Case No. 5:09-104, DE 1, State Court Petition, ¶¶ 8, 12].

The Court dismissed this claim because, even assuming that the Cabinet violated federal law by failing to inform the Plaintiffs of the adoption subsidy benefits, the Court could not grant the Plaintiffs the relief they sought on the claim, which this Court understood to be past and future adoption subsidies.

The Court explained that it is barred by the Eleventh Amendment from ordering the Cabinet to pay the Plaintiffs money damages. Instead, the Court can only order prospective injunctive relief aimed at ending a continuing violation of federal law. Because, for this particular claim, the Plaintiffs did not allege a continuing violation of federal law, but instead only alleged that the Cabinet failed in the past to inform them of federal adoption assistance benefits, prospective injunctive relief was not appropriate.

But now, having again reviewed the docket in this case and the companion case, the Court finds that the Plaintiffs never asserted a claim for damages under the Adoption Act for the Cabinet's

dismissed for the reasons stated in this Court's opinion and order entered on April 12, 2010, in Case No. 5:09-cv-104.

### C. Adoption Act Claim.

That leaves one possible federal claim, a claim that the Secretary violated the Adoption Act. In its prior opinions, this Court construed the Plaintiffs' petition to assert a claim that the Cabinet violated the Adoption Act by failing to inform the Plaintiffs that they were eligible to receive federal adoption assistance benefits. In their state court petition, the Plaintiffs assert that the Cabinet failed to inform them of any adoption benefits other than Kinship Care benefits and that the Cabinet "had a duty to inform Petitioners of the availability of the adoption subsidy pursuant to federal law, but failed to do so." [Case No. 5:09-104, DE 1, State Court Petition, ¶¶ 8, 12].

The Court dismissed this claim because, even assuming that the Cabinet violated federal law by failing to inform the Plaintiffs of the adoption subsidy benefits, the Court could not grant the Plaintiffs the relief they sought on the claim, which this Court understood to be past and future adoption subsidies.

The Court explained that it is barred by the Eleventh Amendment from ordering the Cabinet to pay the Plaintiffs money damages. Instead, the Court can only order prospective injunctive relief aimed at ending a continuing violation of federal law. Because, for this particular claim, the Plaintiffs did not allege a continuing violation of federal law, but instead only alleged that the Cabinet failed in the past to inform them of federal adoption assistance benefits, prospective injunctive relief was not appropriate.

But now, having again reviewed the docket in this case and the companion case, the Court finds that the Plaintiffs never asserted a claim for damages under the Adoption Act for the Cabinet's

failure to inform them of adoption benefits. Instead, they appear to assert that the Cabinet's alleged failure to inform them of adoption benefits is grounds for ruling in their favor on the underlying appeal of the Cabinet's ruling.

In their response to the Secretary's motion, in explicitly delineating the claims they assert, the Plaintiffs do not mention a claim under the Adoption Act. Instead, they state they are appealing, pursuant to state law, the Cabinet's denial of benefits to them under the Adoption Act. They clarify that their claim is that the Cabinet violated "its *state* statutory counseling responsibility in failing to accurately advise the Plaintiffs . . . ." [Case No. 5:10-356, DE 8, Response at 1 (emphasis added)].

Further, the two cases the Plaintiffs cite in this portion of their response, do not involve a claim under the Adoption Act. Instead, they both involve appeals of state agency decisions denying benefits under the Act. *See Batiste v. Arkansas Dep't of Human Services*, 204 S.W.3d 521 (Ark. 2005) and *Jamison Nicholas C*, 639 S.E.2d 821, 827 (W.Va. 2006). The state agency's failure to inform the adoptive parents in those cases of federal adoption subsidies is relevant only because the courts determined that the failure warranted reopening the adoptive parents' application for benefits to again determine their eligibility. *See Jamison Nicholas C*, 639 S.E.2d at 827; *Batiste*, 204 S.W.3d at 529-30.

The Plaintiffs' argument that the Cabinet failed to inform them of federal adoption subsidies is not a claim in and of itself but is instead tied to their appeal of the Cabinet's denial of subsidies. The Plaintiffs appear to argue that the Cabinet's failure to advise them of the federal benefits is grounds alone for reversing the Cabinet's decision and for a ruling that they are entitled to the benefits. In their response to the Secretary's motion, the Plaintiffs assert that the Cabinet "had an affirmative duty to inform the Ruffings about the Adoption Assistance Benefits" and that, "[h]aving

failed to give them proper guidance, it cannot now deny them adoption assistance. . . . " [Case No. 10-cv-356, DE 8 at 16]. Leaving aside the issue of whether this is a correct statement of the law, this is not a claim for damages but instead an argument as to why the court that resolves their appeal of the Cabinet's decision should rule in their favor.

Accordingly, to the extent that the Plaintiffs seek to assert a cause of action under the Adoption Act for the Cabinet's failure to inform them of adoption subsidies, the claim remains dismissed consistent with this Court's prior opinion. To the extent that the Plaintiffs instead argue that the Cabinet's failure to inform them of the benefits is grounds for ruling in their favor on their appeal of the Cabinet's denial of benefits, that argument should be addressed by the court that will ultimately decide the Plaintiffs' appeal.

Because this Court has again dismissed any federal action that the Plaintiffs attempt to assert, the Court will remand this action back to the state court to resolve the appeal of the Cabinet's ruling and the remaining state law claims.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) The Defendant's Motion for Judgment on the Pleadings or Summary Judgment [DE 6] is GRANTED in part and DENIED in part. The motion is GRANTED as to any claim that the Cabinet violated the Plaintiffs' constitutional right to due process and equal protection of the laws and as to any claim that the Cabinet violated the Adoption Assistance and Child Welfare Act of 1980 (the "Adoption Act"), 42 U.S.C. §§ 670-76, by failing to inform them of federal adoption assistance benefits. Any such claims are hereby DISMISSED;

2) The Defendant's Motion for Judgment on the Pleadings or Summary Judgment [DE 6] is

otherwise DENIED;

3) The remaining state law claims are REMANDED to the Fayette Circuit Court; and

4) This matter is STRICKEN from the active docket of this Court.

This 13th day of July, 2011.



Signed By:
*Karen K. Caldwell*
United States District Judge